NUMBER 13-10-00597-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE: LEOPOLDO LEAL

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Yañez, Garza, and Benavides

Per Curiam
Memorandum Opinion

            Relator,
Leopoldo Leal, pro se, filed a petition for writ of mandamus in the above cause
on October 22, 2010, complaining generally that the trial court has
discriminated against him because he has not retained counsel to represent him
in his civil lawsuit wherein he seeks damages for an alleged theft.  We deny
the petition for writ of mandamus.

It is the relator's burden to provide this Court with a sufficient petition and record to establish his right to
mandamus relief.  See generally Tex.
R. App. P. 52.  Specifically, for instance, the relator must file an
appendix with the petition for writ of mandamus, and the appendix must include,
inter alia, a certified or sworn copy of any order complained of, or any other
document showing the matter complained of.  See id. 52.3(k).  The
relator must also file a record including a “certified or sworn copy of every
document that is material to the relator's claim for relief and that was filed
in any underlying proceeding,” and “a properly authenticated transcript of any
relevant testimony from any underlying proceeding, including any exhibits
offered in evidence, or a statement that no testimony was adduced in connection
with the matter complained.”  See id. 52.7(a).  Further, relator must
file a certification with the petition for the petition for writ of mandamus
stating that every factual statement in the petition is supported by competent
evidence included in the appendix or record.  See id. 52.3(j).  Finally,
the petition for writ of mandamus must contain a “clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
appendix or record.”  See id. 52.3(h).  In the instant case, relator has
failed to meet these requirements and has thus failed to provide this Court
with a petition and record sufficient to establish his right to mandamus
relief.  

The Court, having examined and
fully considered the petition for writ of mandamus, is of the opinion that
relator has not shown himself entitled to the relief sought.  Accordingly, the
petition for writ of mandamus is DENIED.  See id. 52.8(a). 

 

                                                                                                            PER
CURIAM

Memorandum Opinion delivered the 

26th day of October, 2010.